**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

Colleen Elizabeth McGuinn
Assistant United States Attorney
Colleen.McGuinn@usdoj.gov

Mailing Address:
36 S. Charles Street, 4th Floor
Baltimore, MD 21201

Office Location:
36 S. Charles Street, 4th Floor
Baltimore, MD 21201

DIRECT: 410-209-4823
MAIN: 410-209-4800
FAX: 410-962-3091

October 17, 2025

✓ FILED     ___ ENTERED
___ LOGGED     ___ RECEIVED

3:03 pm, Dec 08 2025
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___R.C.___ Deputy

Mr. Joseph Murtha, Esq.
1301 York Road, #200
Timonium, MD 21093

    Re:    <u>United States v. Ryan Christopher Hall</u>
            Criminal No. BAH-25-059

Dear Mr. Murtha:

    This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Ryan Christopher Hall, (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by November 7, 2025, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offenses of Conviction

    1.    The Defendant agrees to plead guilty to Counts One and Three, of the Indictment, which charges the Defendant with two counts of Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a), (e). The Defendant admits that the Defendant is, in fact, guilty of the offenses and will so advise the Court.

### Elements of the Offenses

    2.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Indictment, in the District of Maryland, the Defendant:

        a.    Knowingly employed, used, persuaded, induced, enticed or coerced a minor to engage in sexually explicit conduct;

        b.    For the purpose of producing a visual depiction of such conduct; and

        c.    The Defendant had reason to know that the visual depiction would be transported in interstate or foreign commerce, said visual depiction was transported in interstate or foreign commerce, or the materials used to produce the visual depiction were transported in interstate or foreign commerce.

Rev. August 2018

Penalties

3. The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| COUNT | STATUTE | MANDATORY MINIMUM IMPRISONMENT | MAXIMUM IMPRISONMENT | MAXIMUM SUPERVISED RELEASE | MAXIMUM FINE | SPECIAL ASSESSMENT |
|---|---|---|---|---|---|---|
| 1 | 18 U.S.C. § 2251(a) | 15 years | 30 years | Life (min. 5y) | $250,000 | $100 |
| 3 | 18 U.S.C. § 2251(a) | 15 years | 30 years | Life (min. 5y) | $250,000 | $100 |

a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, 3664 and § 2259.

d. Special Assessments: The defendant must pay a mandatory $100 special assessment pursuant to 18 U.S.C. § 3013.

e. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

f. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

g. Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay,

and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

### Sex Offender Registration

4.      The Defendant understands and agrees that, as a consequence of the Defendant's conviction for the crime to which the Defendant is pleading guilty, the Defendant will be required to register as a sex offender in the place where the Defendant resides, is an employee, and is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the law of the state of the Defendant's residence. Failure to do so may subject the Defendant to new charges pursuant to 18 U.S.C. § 2250.

### Waiver of Rights

5.      The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

   a.    If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

   b.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c.    If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

   d.    The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

   e.    If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the

charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

   f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

   g. If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

   h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

<u>Advisory Sentencing Guidelines Apply</u>

6. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

7. This Office and the Defendant agree to the following Sentencing Guidelines:

   a. A stipulation of facts is attached as Attachment A to this plea agreement that specifically establishes the commission of additional offenses than those to which the defendant has agreed to plead guilty. Pursuant to § 1B1.2(c), those additional offenses shall be treated as if the defendant had been convicted of additional counts charging those offenses.

<u>Groups One and Two: Sexual Exploitation of Minor Victim 1 on or before May 30, 2017 and on or before May 30, 2018 (Count 1 & Count 6)</u>

  b. The applicable base offense level is 32 pursuant to United States Sentencing Guidelines ("U.S.S.G.") §2G2.1(a).

  c. Pursuant to U.S.S.G. §2G2.1(b)(1)(B), there is a two (2) level increase because Minor Victim 1 was under the age of 16 at the time of the offenses.

  d. Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a (2) level increase because the offense involves the commission of a sex act or sexual contact.

  e. Pursuant to U.S.S.G. §2G2.1(b)(5), there is a two (2) level increase because Minor Victim 1 was in the custody, care, or supervisory control of the Defendant.

  f. Thus, the subtotal is offense level is 38.

<u>Group Three: Sexual Exploitation of Minor Victim 1 on October 11, 2019 (Count 2)</u>

  g. The applicable base offense level is 32 pursuant to United States Sentencing Guidelines ("U.S.S.G.") §2G2.1(a).

  h. Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a (2) level increase because the offense involves the commission of a sex act or sexual contact.

  i. Pursuant to U.S.S.G. §2G2.1(b)(5), there is a two (2) level increase because the minor victims were in the custody, care, or supervisory control of the Defendant.

  j. Thus, the subtotal is offense level is 36.

<u>Group Four: Sexual Exploitation of Minor Victim 1 on December 9, 2020 (Count 5)</u>

  k. The applicable base offense level is 32 pursuant to United States Sentencing Guidelines ("U.S.S.G.") §2G2.1(a).

  l. Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a (2) level increase because the offense involves the commission of a sex act or sexual contact.

  m. Pursuant to U.S.S.G. §2G2.1(b)(5), there is a two (2) level increase because the minor victims were in the custody, care, or supervisory control of the Defendant.

  n. Thus, the subtotal is offense level is 36.

Group Five:  Aggravated Sexual Abuse of Minor Victim 1 (agreed conduct):

    o.    The applicable base offense level is 38, pursuant to U.S.S.G. §2A3.1(a)(1).

    p.    Pursuant to U.S.S.G. §2A3.1(b)(2)(A), there is a four (4) level increase because the victim had not attained the age of twelve years.

    q.    Pursuant to U.S.S.G. §2A3.1(b)(3)(A), there is a two (2) level increase because the minor victims were in the custody, care, or supervisory control of the Defendant.

    r.    Thus, the subtotal is offense level 44.

Group Six:  Sexual Exploitation of Minor Victim 2 on or before October 11, 2019 (Count 3)

    s.    The applicable base offense level is 32 pursuant to United States Sentencing Guidelines ("U.S.S.G.") §2G2.1(a).

    t.    Pursuant to U.S.S.G. §2G2.1(b)(5), there is a two (2) level increase because Minor Victim 2 was in the custody, care, or supervisory control of the Defendant.

    u.    Thus, the subtotal is offense level is 34.

Group Seven:  Sexual Exploitation of Minor Victim 2 on or before October 11, 2019 (Count 4)

    v.    The applicable base offense level is 32 pursuant to United States Sentencing Guidelines ("U.S.S.G.") §2G2.1(a).

    w.    Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a (2) level increase because the offense involves the commission of a sex act or sexual contact.

    x.    Pursuant to U.S.S.G. §2G2.1(b)(5), there is a two (2) level increase because the minor victims were in the custody, care, or supervisory control of the Defendant.

    y.    Thus, the subtotal is offense level is 36.

Group Eight:  Aggravated Sexual Abuse of Minor Victim 2 (agreed conduct):

    z.    The applicable base offense level is 38, pursuant to U.S.S.G. §2A3.1(a)(1).

    aa.    Pursuant to U.S.S.G. §2A3.1(b)(2)(A), there is a four (4) level increase because the victim had not attained the age of twelve years.

    bb.    Pursuant to U.S.S.G. §2A3.1(b)(3)(A), there is a two (2) level increase because the minor victims were in the custody, care, or supervisory control of the Defendant.

  cc. Thus, the subtotal is offense level 44.

Group Nine:  Possession of Child Pornography (Counts 7, 8, 9 & 10)

  n. The applicable base offense level is 18 pursuant to U.S.S.G. §2G2.2(a)(1).

  o. Pursuant to U.S.S.G. §2G2.2(b)(2), there is a two (2) level increase because the material involved prepubescent minors

  p. Pursuant to U.S.S.G. §2G2.2(b)(5), there is a five (5) level increase because the Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.

  q. Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the offense involved the use of a computer or an interactive computer service for the possession of the material.

  r. Pursuant to U.S.S.G. §2G2.2(b)(7)(D), there is a five (5) level increase because the offense involved at least 600 images.

  s. Thus, the subtotal is offense level is 32.

Grouping:

  o. Pursuant to U.S.S.G. §§ 3D1.2(d) and 3D1.4, sexual exploitation of the same minor victim on different days, or of a different minor victim, do not group.  There are five groups that are 5 to 8 levels less serious (Groups One, Two, Three, Four, and Seven), for a total of 4 ½ units.  Thus, pursuant to U.S.S.G. §§ 3D1.4, 4 levels are added to Groups Five and Eight.  (Subtotal: 48).

  8. This Office does not oppose a 2-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a) based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct.  This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty.  This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a), and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way. (Subtotal: 45)

Chapter Four Enhancement:

9.  Pursuant to U.S.S.G. §4B1.5(b)(1), and Application Note 4(B), the Government contends that there is a five-level increase because the instant offenses of conviction are covered sex crimes, and the Defendant engaged in a pattern of activity involving prohibited sexual conduct. (Subtotal: 50)

10.  There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

11.  Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

## Rule 11 (c) (1) (C) Plea

12.  The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of no less than twenty-five (25) years and no more than forty (40) years of imprisonment in the custody of the Bureau of Prisons is the appropriate disposition of this case taking into consideration the nature and circumstances of the offense, the Defendant's criminal history, the mandatory minimum imposed by statute, and all of the other factors set forth in 18 U.S.C. § 3553(a). This Agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void. Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the Government will be bound by the specific sentence contained in this Agreement, and the Defendant will not be able to withdraw his plea.

## Obligations of the Parties

13.  At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a).

14.  At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

15.  This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or

the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment.

## Waiver of Appeal

16. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

    b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

        i. The Defendant reserves the right to appeal any sentence that exceeds the statutory maximum; and

        ii. This Office reserves the right to appeal any sentences below a statutory minimum.

    c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

17. The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

18. Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in any items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities:

    a. a Sans Disk Ultra Plus 128GB SD card, serial number 6137DRED10CK;

    b. a Samsung S9 cell phone, ID A3LSMG96OU;

    c. an ImageMate 256GB Micro SD card, serial number 2033YCCN309M;

    d. a SanDisk UltraPlus 32GB SD card, serial number 7341XVACE5NA; and

    e. an ImageMate 256GB Micro SD card, serial number 0202YXCRE15Y.

    19.    The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

    20.    The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

    21.    The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

## Restitution

    16.    The Defendant agrees to the entry of a restitution order for the full amount of the Victims' losses. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation.

    17.    The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any restitution. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time. The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior

disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

### Restitution in Cases Involving the Sexual Exploitation of Children

18. Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

### Additional Special Assessments in Sex Crimes Cases

19. Assessments in Child Pornography Cases: Pursuant to 18 U.S.C. § 2259A (the Amy, Vicky, and Andy Child Pornography Victim Assistance Act "AVAA"), in addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess- (1) not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5); (2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and (3) **not more than $50,000** on any person convicted of a child pornography production offense.

### Defendant's Conduct Prior to Sentencing and Breach

20. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

21. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil

proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Court Not a Party

22.   The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power under Rule 11(c)(5) to reject the plea agreement entered into under Rule 11(c)(1)(C). Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

23.   This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Kelly O. Hayes
United States Attorney

*[signature]*

Colleen Elizabeth McGuinn
Assistant United States Attorney

     I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_11/7/2025_  
Date

_____  
Ryan Christopher Hall

     I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

_11/7/2025_  
Date

_____  
Joseph Murtha, Esq.

13

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that the following facts are true and accurate, and that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Ryan Christopher Hall (the "Defendant") was born in 1974, was approximately thirty-five years old at the time these offenses began and resided in Maryland. The Defendant had been employed as a deputy with the Harford County Sheriff's Office for 27 years (since 1998). As detailed below, the Defendant sexually abused Minor Victim 1 (DOB 2003) beginning when Minor Victim 1 was ten years old and produced sexually explicit images of Minor Victim 1 when she was a minor. The Defendant also sexually abused Minor Victim 2, (DOB 2001) beginning when Minor Victim 2 was approximately ten years old and produced sexually explicit images of Minor Victim 2 when she was a minor. At all times, Minor Victim 1 and Minor Victim 2 were under the age of 18 and in the care or custody of the Defendant.

The Defendant agrees that the Defendant caused the production of sexually explicit videos of both minor victims, all of which were stored on a Sans Disk Ultra Plus 128 GB SD card (serial number 6137DRED10CK), as described below.

### Hall's Sexual Exploitation of Minor Victim 1

Group One: Sexual Exploitation of Minor Victim 1 (Count 1)

On or before May 30, 2017, the Defendant produced a video file of Minor Victim 1. The Defendant had placed a blanket over Minor Victim 1's face as he pressed his face to her bare stomach, blowing what are commonly called "raspberries" on her stomach. The Defendant then used his hand to hold down Minor Victim 1's underwear to show Minor Victim 1's genitals. Minor Victim 1 was thirteen years old at the time.

Group Two: Sexual Exploitation of Minor Victim 1 (Count 6)

The Defendant had installed covert cameras in the bathroom and bedroom shared by both Minor Victim 1 and Minor Victim 2. On or before May 30, 2018, the Defendant produced a video file of Minor Victim 1, who was 14 years old, using the covert camera in her bathroom. Minor Victim 1 is nude and is seen masturbating her genitals.

Group Three: Sexual Exploitation of Minor Victim 1 (Count 2)

On or before October 11, 2019, the Defendant produced a video file of Minor Victim 1, then 16 years old. In the video, Minor Victim 1 is depicted naked and masturbating, including digital penetration of her genitals. The Defendant stored the video in a folder titled using the first

1

letter of Minor Victim 1's name. A second folder, containing screenshots of this video, was also found, labeled with the same letter and the word "still."

### Group Four: Sexual Exploitation of Minor Victim 1 (Count 5)

On or about December 9, 2020, the Defendant produced a video file of Minor Victim 1, who was 17 years old, using the covert camera in her bathroom. The video depicts Minor Victim 1 inserting her finger into her vagina.

### Group Five: Aggravated Sexual Abuse of Minor Victim 1 (agreed conduct)

When Minor Victim 1 was between the ages of ten and twelve, the Defendant sexually abused her by touching her genitals with his hands. The Defendant, on several occasions, put a blanket over her head and make her face away from him while he lifted her legs in the air and spread her legs apart and touched her genitals with his hand.

## Hall's Sexual Exploitation of Minor Victim 2

### Group Six: Sexual Exploitation of Minor Victim 2 (Count 3)

On or before October 11, 2019, the Defendant produced a video file of Minor Victim 2 using the covert camera in the minor victims' bathroom. In the video, Minor Victim 2, who was 17 years old, is depicted naked as she squats and inserts a tampon into her exposed vagina.

### Group Seven: Sexual Exploitation of Minor Victim 2 (Count 4)

On or before October 11, 2019, the Defendant produced a video file of Minor Victim 2, who was 16 years old, using the covert camera in her bathroom. The video depicts Minor Victim 2 disrobing as she enters the shower. Minor Victim 2 then is seen masturbating using her fingers to rub her genitals. The defendant stored this video in a folder titled using the first letter of Minor Victim 2's name with additional covert videos of Minor Victim 2.

### Group Eight: Aggravated Sexual Abuse of Minor Victim 1 (agreed conduct)

When Minor Victim 2 was approximately ten years old, the Defendant began to sexually abuse her. The Defendant would unhook her bra and reach his hands around the front of her body, touching her bare breasts under her shirt. The Defendant would also pretend to wrestle her, pinning her to the bed, putting a blanket or pillow over her face. The Defendant would then pull her pants and underwear down, blowing air on her bare vagina.

### Group Nine (Possession of Child Pornography) & Additional Information

The SD card where these videos were found was located with numerous other SD cards and storage devices in the sunglasses compartment in the ceiling of the Defendant's personal vehicle. The SD cards were compatible with the Samsung phone that was found in the Defendant's glovebox which allowed him to access and view the collection of files of the minor victims, which

numbers in the thousands, taken from the covert cameras the Defendant installed in the bathroom and their bedroom.



(A screenshot from a video called "pretty.girls16" showing the Defendant adjusting the bedroom covert camera)



(A deleted image that was recovered of the Defendant adjusting the bathroom covert camera)

The covert cameras were connected to a hard drive set up by the Defendant in the basement of the home. The video files were initially downloaded to the hard drive and then saved and stored on portable drives.

The Defendant agrees that the following devices were used to create, produced, store, transfer or video child sexual abuse materials, including those of the minor victims as well as commercially available files:

    a. a Sans Disk Ultra Plus 128GB SD card, serial number 6137DRED10CK;
    b. a Samsung S9 cell phone, ID A3LSMG96OU;
    c. an ImageMate 256GB Micro SD card, serial number 2033YCCN309M;
    d. a SanDisk UltraPlus 32GB SD card, serial number 7341XVACE5NA; and

3

  e. an ImageMate 256GB Micro SD card, serial number 0202YXCRE15Y.

  The images and videos described above were produced by the Defendant knowing and having reason to know that the images and videos would be transported and transmitted using any means and facility of interstate and foreign commerce, and the Defendant transported and transmitted the images and videos using the internet, which is a means and facility of interstate and foreign commerce. Additionally, the Defendant produced and stored the images and videos described above using materials that were manufactured outside of the United States, and was mailed, shipped, and transported in interstate and foreign commerce.

STIPULATED:

_____
Colleen Elizabeth McGuinn
Assistant United States Attorney

  I have reviewed the foregoing Statement of Facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as a part of my plea agreement with the government in this case.

_____  11/7/2025
Ryan Christopher Hall                    date
Defendant

  I am the attorney for the Defendant. I have carefully reviewed every part of this Statement of Facts with the Defendant. To my knowledge, the Defendant's decision to sign it is an informed and voluntary one.

_____  11/7/2025
Joseph Murtha, Esq.                     date
Counsel for Defendant

4