IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

UNITED STATES OF AM ERICA    *

v.    *    Criminal No. BAH-25-069

RYAN CHRISTOPHER HALL    *

\*   \*   \*   \*   \*   \*   \*

## DEFENDANT'S STATEMENT IN AID OF SENTENCING

Now comes the defendant, Ryan Christopher Hall, by and through undersigned counsel, and submits this document in support of the request being presented by the defendant. The defendant requests that the Court consider his age, the limitations of his life after any period of incarceration at within the proposed range offered to the court, acceptance of responsibility by pleading guilty in this matter, and any other information brought to the Court's attention in fashioning a sentence that is sufficient but not greater than necessary, and below the sentence recommended by the government.

## PRESENTENCE REPORT

Undersigned counsel and the defendant have reviewed the presentence report prepared in this matter. The information contained in the presentence report is accurate. .

## GOVERNMENT'S PRESENTENCE FILING

Undersigned counsel has been provided a copy of the presentence filing by the government and understands the government's position. It is important to note that the government believes that the imposition of a period of forty years of incarceration is necessary,

1

but undersigned counsel believes that the request by the government is extraordinary.

The allegations of abuse that the government includes in its memorandum regarding Mr. Hall's children are not challenged and Mr. Hall pled guilty to the offenses that reflect the nature of the behavior that are the subject of the indictment and has been repeated in the government's sentencing document. The guideline calculation for the offenses pursuant to the terms of the guilty plea alone are staggering. But, the government seeks to fortify and bolster any argument it may offer with further allegations of abuse that have resulted in criminal charges in the Circuit Court for Carroll County. This is a case wherein the sentence imposed by this Court will not stand alone, but will be part of a "global" resolution that incorporates a concurrent 40 year sentence of incarceration in the Division of Correction. In the event that the Court determines that a sentence at the low end of the proposed range, or a sentence somewhere between the bottom, and the forty year ceiling, such a decision will not minimize the offenses since they are the subject of both a State and Federal prosecution.

Mr. Hall has shared with undersigned counsel that although he is alive, he feels as if he has died, but remains present in body alone. Understandably, he has been shunned by his family, and the men and women with whom he served the citizens of Harford County. Although undersigned counsel believes in rehabilitation and redemption, I understand that we are beyond that as a point of argument. I am merely a pall bearer for a man who is likely to spend the rest of his life in a prison, living an isolated life that is absent hope, and filled with remorse for the breach of trust that has occurred, My hope is that the Court will recognize that the combination of a significant amount of incarceration imposed in this matter, and then propped up by the sentence to be imposed in the State matter, is sufficient and that it is not necessary to impose

"matching" forty year periods of incarceration. The fact that a detainer will be lodged for Mr. Hall so that at the termination of his federal sentence will be a constant reminder that he will not be finished, and further his access to programs within the Bureau of Prisons will be impaired

## PERSONAL HISTORY

The Presentence Report, in paragraphs 109 through 121, accurately reflects the personal, social, educational, physical/mental health, and employment history of Mr. Hall.

## MR. HALL'S SENTENCE

Although Mr. Hall hopes that he will not be subjected to an extraordinary period of incarceration, he is cognizant of his identified role and the advisory guideline range and the range of 25 - 40 years that are set forth in the plea agreement in this case. Mr. Hall understands that the Court will seriously consider the aggravating facts offered to the Court by the government in support of its recommended sentence, and the likelihood of the Court imposing a lengthy period of incarceration. The defendant believes that a period of incarceration at the low end, or within the proposed range, will satisfy the need for punishment, reflect the seriousness of the offense and promote respect for the law. Additionally, such a sentence would be sufficient to deter criminal conduct. Such a sentence would provide just punishment for the offense.

The representation of Mr. Hall has been somewhat challenging from a standpoint of offering the most effective counsel that the facts in this case permit.. The delay in filing this document was not a disregard for the Court's Order, but the inability to find some information outside the scope of that which appears in the Presentence Investigation Report. Mr. Hall moves forward in life on his own, isolated by his own behavior. The years of service in the community seem meaningless. Even by Mr. Hall's own admission, he struggles with how he was incapable

of refraining from the obsession and compulsion to engage in the acts that have brought him before the Court. There is not a visit with Mr. Hall that does not include a sullen and sad recognition of how his behavior has destroyed his relationship with his family, and the community of first providers with whom he served for 27 years. It is understandable that the government seeks a significant period of incarceration, but how much is "enough" and how much is "too much".

Mr. Hall has always been considerate, kind and appreciative of undersigned counsel's efforts. That being said, even with the ability to negotiate the resolution of this case without proceeding to trial, undersigned counsel feels challenged in offering mitigation that will sway the Court. In many ways, counsel is engaging in legal begging. Asking that the Court consider the age of Mr. Hall, the impact of his being abused as a child[1], and determine that any sentence in the middle of the negotiated range is sufficient. The government does mention the issue of Mr. Hall's own abuse, and offers an argument that is not a statistically supported explanation for acts of abuse. At no time has Mr. Hall raised this revelation to justify or excuse his actions. In fact, he has chosen not to permit undersigned counsel to pursue that the revelation of his own abuse may have mitigating value.

Over the past several decades state and federal incarceration rates have increased dramatically. As a consequence of more punitive laws and harsher sentencing policies, longer periods of incarceration are imposed by the courts. Sentencing systems and incarceration

---

[1] Mr. Hall has been extremely reluctant to share any information regarding what his sister disclosed when she was interviewed by the U.S. Probation Officer. When he read for the first time that his sister had disclosed his abuse as a child he immediately wept and stated" I didn't think anyone knew."

traditionally have a variety of goals, which as previously noted, include incapacitation, punishment, deterrence and rehabilitation. In recent decades, sentencing policy initiatives have often been enacted with the goal of enhancing the deterrent effect of the criminal justice system. Under the rubric of "getting tough on crime" tougher sentencing policies have been designed to deter with the threat of imposing substantial terms of imprisonment for felony convictions.

While the criminal justice system as a whole provides some deterrent effect, a key question for policy development regards whether enhanced sanctions or an enhanced possibility of being apprehended provide any additional deterrent benefits. Research to date generally indicates that increases in the certainty of punishment, as opposed to the severity of the punishment, are more likely to produce deterrent effects.[2] Criminological research over several decades and in various nations generally concludes that enhancing the certainty of punishment produces a stronger deterrent effect than increasing the severity of punishment. Key findings include the following:

> The Institute of Criminology at Cambridge University was commissioned by the British Home Office to conduct a review of research on major studies of deterrence. Their 1999 report concluded that "...the studies reviewed do not provide a basis for inferring that increasing the severity of sentences generally is capable of enhancing deterrent effects." In addition, in reviewing macro-level studies that examine offense rates of a specific population, the researchers found that an increased likelihood (certainty) of apprehension and punishment was associated with declining crime rates.[3]
>
> Daniel Nagin and Greg Pogarsky, leading scholars on deterrence, conclude

---

[2] <u>Deterence in Criminal Justice. Evaluating Certainty vs. Severity of Punishment</u>, Valerie Wright, Ph.D., The Sentencing Project (Washington, D.C. 2010)

[3] Id.

5

> that "punishment certainty is far more consistently found to deter crime than punishment severity, and the extra-logical consequences of crime seem at least as great a deterrent as the legal consequences."[4]

Applying the concept that certainty rather than severity has a more deterrent effect to the circumstances of Mr. Hall's case supports a request that sentence of imprisonment that is at the bottom or within the proposed range and not at the top of the range of the negotiated plea is appropriate to achieve the purposes of sentencing and is otherwise consistent with the statutory factors.

A sentence of imprisonment not at the top of the negotiated range is a serious punishment that satisfies the retributive, deterrent, and incarceration goals of sentencing. Moreover, such a sentence is sufficient to afford deterrence because Mr. Hall presents no special problems of recidivism. He will no longer be in a position to engage in the admitted behavior. His likelihood of recidivism is slight, given his plea of guilty, regret for the impact of his actions, and the ongoing collateral consequence of a felony sex offender conviction which will encumber Mr. Hall for the remainder of his life. . Any period of incarceration that is below the top of the negotiated range is enough to dissuade him, and other individuals, to engage in similar conduct.

## CONCLUSION

Abuse begets abuse...maybe the government does not believe that is a worthy consideration, but it is one that has been raised by a family member, and not Mr. Hall. And so here we are, faced with what to do with an aging individual who arguably endured abuse as a child, only to find himself an admitted abuser. A sentence of twenty five years without parole, a

---

[4] Id.

6

lifetime of supervised release as a registered sex offender with the attendant controls, conditions, and sanctions will satisfy the requirements of 18 U.S.C. § 33553(a)(2). Such a sentence will provide Mr. Hall with the most intensive, effective and long-lasting correctional sex offender treatment available within the federal prison system, deter like minded individuals from committing similar crimes, protect the public from further criminal conduct, and constitute just punishment for his offenses. The advisory guideline range will not satisfy the statutory purposes of sentencing to any greater degree. Accordingly, the recommended sentence of twenty-five years is sufficient, but not greater than necessary, to satisfy the requirements of 18 U.S.C. § 3553(a)(2). Additionally, awaiting the sentence of incarceration imposed by the Court will be the sentence of the forty years that will be imposed by the Court in Carroll County.

      Finally, there does remain a concern about the imposition of the sentences by both Courts. Clearly, having been released from pretrial custody in Carroll County, it is the belief that Mr. Hall is now in primary Federal custody. But, there are concerns. The order in which sentences are served is governed by the concept of primary jurisdiction. If State and Federal sentences are imposed on an offender, the general rule is that the sentence imposed by the sovereign with primary jurisdiction is served first. Generally, decision concerning concurrent or consecutive service of a Federal sentence with a State sentence are not dependent on the order of sentence impassion. If the Federal judgment and commitment order is silent and if the State authorities have primary jurisdiction over the defendant, the default by the Bureau of Prisons is to compute the Federal sentence as consecutive to the State sentence regardless of which sentence was

7

imposed first.[5] Under 18 U.S.C. § 3584, the Federal sentencing judge may specifically order the Federal sentence to run consecutively with a State sentence. The Bureau of Prisons interprets § 3584 to also permit the Federal judge to order concurrent service with an existing State sentence. Further Federal courts generally have discretion to select whether the sentence imposed will run concurrently or consecutively with respect to other sentences that they impose or that have been imposed in other proceedings, including State proceedings. *See Setser v. United States*, 132 S. Ct. 1463 (2012) 18 U.S.C. § 3584(a). Federal courts also generally have discretion to order that the sentences that they impose will run concurrently with or consecutively to other State sentences that are anticipated but not yet imposed. As such, anticipating that the State Court will impose the State sentence to be concurrent to any sentence imposed by this Court, undersigned counsel requests that the Court specifically announce that the Court's sentence is to run concurred to any sentence imposed by the Circuit Court for Carroll County.

In view of all of the above, the Court is requested to exercise leniency and mercy in its ultimate resolution of this matter.

                                                Respectfully submitted,

                                                _____-s-_____
                                                Joseph Murtha
                                                Rice Law
                                                1301 York Road, Suite 200
                                                Lutherville, Maryland 21093
                                                (410) 583-6969
                                                jmurtha@ricelawmd.com

---

[5] This rebuttable default is drawn from 18 U.S.C. § 3584(a) which generally requires consecutive service of sentence imposed at different times unless the court specifies concurrent sentence.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of February, 2026, a copy of the foregoing Defendant's Statement in Aid of Sentencing filed via CM/ECF thereby by serving it upon counsel of record in this matter, as well as sending it by electronic mail to Colleen McGuinn, Assistant United States Attorney,(Colleen.McGuinn@usdoj.gov), Office of the United States Attorney for the District of Maryland, 36 S. Charles Street, 4th Floor, Baltimore, Maryland 21201.

_____-s-_____<br>
Joseph Murtha

JM10533